[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's motion to strike counts three and four of plaintiff's complaint. Said motion
should be granted.
The plaintiff, Gloria Nichols Ortilia, by a five count complaint dated May 31, 1996, alleges statutory and common law causes of action against the defendant, Liberty Insurance, stemming from the defendant's alleged failure to pay for or replace the plaintiff's vehicle pursuant to an alleged insurance contract between the parties. The first count alleges that the plaintiff owned a vehicle that was insured by the defendant; the vehicle was stolen and recovered, but upon recovery the defendant declared the vehicle a total loss and took possession of the vehicle. She alleges that she fulfilled all conditions of the insurance agreement but the defendant has not paid the plaintiff for her loss. The second count incorporates the first count and alleges breach of the covenant of good faith and fair dealing. The third count incorporates the first count and alleges that the defendant has violated General Statutes § 38a-815, the Connecticut Unfair Insurance Practices Act (CUIPA) in that the defendant has "performed two or more . . . acts and practices alleged . . . with sufficient frequency to constitute a general business practice. . . ." (Count three, ¶ 11.) The fourth count incorporates the third count and alleges that the acts alleged in the third count constitute a violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA). The fifth count alleges conversion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825.
The defendant moves to strike the third count on the ground that it fails "to allege a pattern or practice which satisfies CT Page 4385 CUIPA since a CUIPA violation cannot be based upon conduct directed solely toward one insured. . . ." (Motion to strike, ¶ 2.)[1] The defendant argues that allegations that an insurer has failed to settle a single insured's claim does not rise to the level of a violations of CUIPA. In opposition, the plaintiff argues that she had pleaded sufficient facts to support a CUIPA claim.
"[A] claim under CUIPA predicated upon alleged unfair settlement practices in violation of § 38a-816 (6) requires proof that the unfair settlement practices were committed or performed with such frequency as to indicate a general business practice. . . . In requiring proof that the insurer has engaged in unfair settlement practices with such frequency as to indicate a general business practice the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. . . . [T]he . . . alleged improper conduct in the handling of a single insurance claim, without any [allegations] of misconduct by the defendant in the processing of any other claim, does not give rise to the level of a general business practice as required by § 38a-816 (6)."Lees v. Middlesex Ins. Co., 229 Conn. 842, 847-49. Aguilar v.United National Ins. Co., 825 F. Sup. 456 (D.Conn. 1993) (allegations of several unfair claim settlement practices by insurer in connection with a single claim does not state a claim under CUIPA); Quimby v. Kimberly Clark Corp. , 28 Conn. App. 660,671-72, (allegations of multiple unfair claim settlement practices by the defendant insurer in the handling of the plaintiff's workers' compensation claim, absent an allegation of unfair settlement practices by the insurer in the handling of other claims, failed to state a cause of action under CUIPA).
In the present case, the third count alleges that the defendant has violated § 38a-816 (b) in various ways, and that the defendant has engaged in these violations "with sufficient frequency to constitute a general business practice. . . ." The third count, however, fails to allege that the defendant has engaged in these practices in the processing of other claims with other insureds. Accordingly, the third count fails to state a claim for a violation of CUIPA.
The defendant moves to strike the fourth count of the complaint on the ground that "a plaintiff may not bring a CUTPA claim against an insurance company unless the alleged conduct violates CUIPA and, . . . the plaintiff has failed to allege a CT Page 4386 violation of CUIPA [in the third count]." The defendant argues that a CUTPA claim cannot stand in the absence of a legally sufficient CUIPA claim. In opposition, the plaintiff argues that the fourth count sufficiently alleges a violation of CUTPA. The fourth count incorporates the third count and alleges that the same act that violated CUIPA also violates CUTPA.
"[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice. In so holding, we observed that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that [t]he definition of unacceptable insurer conduct in [38a-816 (6)] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. . . . Because the plaintiff's [allegation] was insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a general business practice, the plaintiff's CUTPA claim [can] not survive the failure of her CUIPA claim." Lees v. Middlesex Ins. Co., supra,229 Conn. 850-51.
The fourth count fails to allege that the defendant has engaged in these practices in the processing of other claims with other insureds. The fourth count is legally insufficient.
Accordingly, defendant's motion to strike the third and fourth counts of the plaintiff's complaint is granted.
Ronald J. Fracasse, Judge